**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AIDAI ASYRANKULOVA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2504-PRW** |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Aidai Asyrankulova, a noncitizen[1] and Kyrgyzstani national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 6. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. Petitioner also filed an Emergency Motion for Temporary Restraining Order and Order to Show Cause. Doc. 2. For the reasons below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release her if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Kyrgyzstan, lawfully entered the United States on or about May 12, 2023, near Eagle Pass Port of Entry. Pet. at 10; Doc. 9-7 at 1 (Notice to Appear). The same day, she was inspected and granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). Pet. at 10; Doc. 1-3 at 2 (Petitioner's I-94 Admission Record). The parole was authorized until May 10, 2024. Doc. 1-3 at 2. Also on May 12, 2023, ICE placed Petitioner into removal proceedings, charging her as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid entry documents. Doc. 9-7 at 1, 4. Petitioner alleges she has no criminal history, lawfully works as a commercial truck driver, and has complied with all requirements for her asylum application. Pet. at 10. At some point after she was paroled, Petitioner applied for asylum. *Id.*; Doc 1-4 at 2-5 (Asylum Application and Work Authorization Documents); Doc. 1-8 at 2-6 (Application for Asylum).

On August 29, 2026, ICE took custody of Petitioner from the Oklahoma Highway Patrol ("OHP") after OHP detained her while working as a truck driver. Pet. at 10-11; Doc. 9-3 at 2 (ICE's Encounter Summary).[2] Petitioner alleges she was detained without a warrant, Pet. at 10, but Respondents provide a warrant dated August 29, 2026, Doc. 9-4 (Warrant for Arrest). Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(1). Resp. at 6. Petitioner does not allege she requested a bond hearing but claims

---

[2] Petitioner alleges she was detained by ICE on August 26, 2026. Pet. at 10-11. However, ICE's record indicates she was not taken into ICE custody until August 29, 2026. Doc. 9-3 at 2.

ICE cannot conduct a meaningful bond review because she is designated as an arriving alien. Pet. at 10.

On February 25, 2026, an Immigration Judge ("IJ") ordered Petitioner removed to Kyrgyzstan. Doc. 1-9 at 2-4 (Order Denying Asylum). On March 26, 2026, she appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. Pet. at 11; *see* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Oct. 23, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 23, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in her Petition.

- **Count I: Violation of Due Process – Warrantless Arrest.** Petitioner alleges she was arrested without a warrant in violation of her Due Process rights. Pet. at 6, 12.

- **Count II: Violation of the Immigration and Nationality Act ("INA")**. Petitioner alleges her continued detention without a bond hearing is unlawful in violation of 8 U.S.C. § 1226(a) because she was detained in the United States and does not have a final order of removal. Pet. at 6, 12-13.

- **Count III: Violation of the *Accardi* Doctrine, Regulations, and the Fifth Amendment**. Petitioner alleges her re-detention without mandatory regulatory procedure, written explanation, parole expiration, or parole violations is unlawful and violates governing ICE regulations. *Id.* at 6, 13.

- **Count IV: Violation of Procedural Due Process.** Petitioner alleges her continued detention violates her procedural due process rights under the framework set forth in *Mathews v. Eldridge*. *Id.* at 7, 14.

Petitioner asks the Court to "issue a Writ of Habeas Corpus ordering Respondents to immediately release [her] from custody on personal recognizance or conditional parole or supervision." *Id.* at 7, 14-15 (citation modified).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing 8 U.S.C. § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of

> persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), she is not entitled to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner alleges her continued detention without a bond hearing is unlawful in violation of § 1226(a) of the INA because she was detained in the United States and does not have a final order of removal. Pet. at 6, 12-13. Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(1). Resp. at 6.

Petitioner was re-apprehended in the interior of the country in August 2026 and had been living in the United States for more than three years after she was granted parole in May 2023 (and over two years after her parole expired). Doc. 1-3 at 2. The undersigned

finds it implausible under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon [her] parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

Several Judges in this District have concluded a noncitizen re-detained after revocation of § 1182(d)(5) parole is held under § 1226(a), and "because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention." *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (citation omitted); *see also, e.g., Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (finding where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of him release before being re-detained during a routine check-in with immigration authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)"); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (applying § 1226(a) to govern re-detention of a petitioner previously designated as an arriving alien and released on parole); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (same). *But see Kvaratskhelia v. Blanche*, No.

CIV-26-1673-JD, Order, Doc. 13, at 11 (W.D. Okla. Sep. 29, 2026) (holding a petitioner previously released on parole under § 1182(d)(5)(A) is properly detained under § 1225(b) when parole ends). Consistent with the predominant view in this District, the undersigned recommends that the Court apply § 1226(a) to govern Petitioner's current detention.

**B. The proper remedy is a bond hearing.**

Petitioner requests immediate release. Pet. at 7, 14. The undersigned, however, concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1248, 1251 n.13 (10th Cir. 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also Aitiev*, 2026 WL 2125893, at *2 (citing *Santillan Quiroz* and finding "that a bond hearing is the proper remedy" where "the more general provisions of § 1226 govern" rather than § 1225(b)(1)). Further, Judges in this District, including this Court, have declined to order burden shifting. *See, e.g.*, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) (finding "the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing"); *Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under

§ 1226(a) before a neutral IJ within seven days or otherwise release her if she does not have a lawful bond hearing within that period.[3]

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also challenges her warrantless arrest[4] and alleges her continued detention without a bond hearing violates the *Accardi* Doctrine, ICE regulations, and her rights to due process. Pet. at 6-7, 12-13. If the Court grants the recommended habeas relief to Petitioner with a bond hearing under § 1226(a), the Court need not decide the merits of any

---

[3] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, Petitioner has not sufficiently alleged a claim that the circumstances of her parole revocation and re-detention entitle her to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, Judges in this District have recently declined to find termination of parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g.*, *Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "has a protected liberty interest in remaining out of custody" but declining to hold re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief"). Thus, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

[4] Respondents provided the Court with an administrative warrant for Petitioner's arrest dated August 29, 2026. Doc. 9-4. Further, in a similar situation, Judge Russell in this District recently held a petitioner's "warrantless arrest does not merit his immediate release" where a warrant and Notice to Appear had been issued and the petitioner already had two bond hearings. *Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026). Judge DeGiusti similarly concluded "the relief warranted" for an alleged warrantless arrest "is a bond hearing pursuant to § 1226." *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sep. 21, 2026). *But see Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release, "subject to an appropriate Order of Supervision," for a noncitizen detained under § 1226(a) where his "arrest was warrantless").

remaining claims based on continued detention. *See, e.g.*, *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026) ("The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing."); *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 n.3 (W.D. Okla. Jan. 13, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if she has not received a lawful bond hearing within that period. Adoption of this Report and Recommendation would **MOOT** Petitioner's pending Emergency Motion for Temporary Restraining Order and Order to Show Cause, Doc. 2.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 30, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 4, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and

legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 23rd day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE